```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MEDHI GABAYZADEH,

                    Petitioner,

     -against-                          MEMORANDUM & ORDER
                                        13-CV-3594(JS)

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------X
APPEARANCES
For Petitioner:    Mehdi Gabayzadeh, pro se
                   #68419-053
                   Cumberland Federal Correctional Institution
                   P.O. Box 1000
                   Cumberland, MD 21501

For Respondent:    James M. Miskiewicz, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   610 Federal Plaza
                   Central Islip, NY 11722
```

SEYBERT, District Judge:

Pro se petitioner Mehdi Gabayzadeh ("Petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, the Petition is DENIED.

BACKGROUND

Petitioner was the president and chief executive officer of American Tissue Inc. ("American Tissue"), a paper manufacturing company. On April 13, 2005, at the conclusion of a jury trial before this Court, Petitioner was convicted of Conspiracy to Commit Securities Fraud in violation of 18 U.S.C. § 371; Conspiracy to

Commit Bank Fraud in violation of 18 U.S.C. § 371; Bank Fraud in violation of 18 U.S.C. § 1334; Wire Fraud in violation of 18 U.S.C. § 1343; Interstate Transportation of Property Obtained by Fraud in violation of 18 U.S.C. § 2314; Bankruptcy Fraud in violation of 18 U.S.C. § 152(4); Conspiracy to Commit Perjury in violation of 18 U.S.C. § 371; and Obstruction of Justice in violation of 18 U.S.C. § 1512(b)(1), in connection with a securities fraud perpetrated in an attempt to save American Tissue from bankruptcy. On September 25, 2006, this Court sentenced Petitioner to concurrent terms of 60 to 180 months in prison, five years supervised release, and restitution in the amount of $64,933,931.62. (See Docket No. 03-CR-0162, Judgment, Docket Entry 190.)

Petitioner appealed the conviction and sentence to the Second Circuit Court of Appeals. On June 27, 2011, the Second Circuit affirmed the conviction and sentence. See United States v. Gabayzadeh, 428 F. App'x 43 (2d Cir. 2011). On June 25, 2012, the United State Supreme Court denied Petitioner's petition for a writ of certiorari. See Gabayzadeh v. United States, --- U.S. ----, 133 S. Ct. 26, 183 L. Ed. 2d 694 (2012).

On June 24, 2013, Petitioner, through his appellate counsel, Robert Lewis ("Lewis"), filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C § 2255. (Docket Entry 1.) On June 27, 2013, Petitioner, proceeding pro se, filed an additional

2

Petition for a Writ of Habeas Corpus. (See Gabayzadeg v. United States, No. 13-CV-3663 (E.D.N.Y.).) By letter dated July 24, 2013, Lewis sought leave to withdraw as Petitioner's habeas counsel. (Docket Entry 6.) As Lewis argued, Petitioner's pro se petition included a claim that Lewis and his co-counsel had provided ineffective assistance of counsel. On July 25, 2013, the Court granted Lewis' motion to withdraw as counsel and consolidated Petitioner's petitions. (Docket Entries 8, 11.) The Court construed Petitioner's pro se Petition as a motion to amend the Petition, which the Court granted. (Docket Entries 8, 11.) As the Court noted, the Amended Petition "completely replace[d] and supersede[d] the Counseled Petition and shall be the operative Petition going forward." (See Order, Docket Entry 11, at 2.)

## DISCUSSION

The Court will first address the applicable legal standard before turning to the merits of the Petition.

I. Legal Standard

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 780, 178 L. Ed. 2d 624 (2011).

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or

> laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

> If the court finds . . . that there has been such a denial or infringement of the constitutional rights of the prisoner . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b).

The United States Supreme Court has held that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S. Ct. 1584, 1593, 71 L. Ed. 2d 816 (1982). "Habeas corpus, it is well known, 'is not a neutral proceeding in which the petitioner and the State stand on an equal footing. Rather, it is an asymmetrical enterprise in which a prisoner seeks to overturn a presumptively valid judgment.'" Skaftouros v. United States, 667 F.3d 144, 158 (2d. Cir. 2011) (quoting Pinkney v. Keane, 920 F.2d 1090, 1094 (2d Cir. 1990)). Petitioner has the burden of proving his claims by a preponderance of the evidence. Id. (citing Parke v. Raley, 506 U.S. 20, 31, 113 S. Ct. 517, 524, 121 L. Ed. 2d 391 (1992); Walker v. Johnston, 312 U.S. 275, 286, 61 S. Ct. 574, 579, 85 L. Ed. 830 (1941)).

4

"The Court's discretion to grant relief under section 2255 is to be exercised sparingly, for such applications 'are in tension with society's strong interest in the finality of criminal convictions.'" Castro v. United States, 993 F. Supp. 2d 332, 340 (E.D.N.Y. 2014) (quoting Elize v. United States, 02-CV-1350, 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 2008)).

The Supreme Court has held, additionally, that, as a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693, 155 L. Ed. 2d 714 (2003) (citing Frady, 456 U.S. at 167-68; Bousley v. United States, 523 U.S. 614, 621-22, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).  The Supreme Court has held, however, that ineffective assistance of counsel claims may be "brought in the first instance in a timely motion in the district court under § 2255 . . . whether or not the petitioner could have raised the claim on direct appeal." Id.

II. Statute of Limitations

Respondent first argues that the Petition is time-barred. (See Resp't's Br., Docket Entry 19, at 28.)  The Court disagrees.  A petitioner has a one-year statute of limitations to file his or her claim:

> The limitation period shall run from the latest of—

>    **(1)** the date on which the judgment of conviction becomes final;
>
>        . . .
>
>    **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1). Here, Petitioner's counsel filed a motion on June 24, 2013, which is within the one-year period. The Court granted Petitioner's motion to amend his Petition. The Petition is timely and will be reviewed substantively.

III. Ineffective Assistance of Counsel Claims

Petitioner raises several claims of ineffective assistance of counsel. The Court will first set forth the standard for an ineffective assistance of counsel claim.

   A.   Standard

"It has long been recognized that the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970) (citing Reece v. Georgia, 350 U.S. 85, 90, 76 S. Ct. 167, 170, 100 L. Ed. 77 (1955); Glasser v. United States, 315 U.S. 60, 69-70, 62 S. Ct. 457, 464-65, 86 L. Ed. 680 (1942); Avery v. Alabama, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940); Powell v. Alabama, 287 U.S. 45, 57, 53 S. Ct. 55, 59-60, 77 L. Ed. 158 (1932)).

In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court established a two-part test to determine whether counsel's assistance was ineffective. First, "[Petitioner] must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. To meet the first prong of the Strickland test, Petitioner must overcome the strong presumption that the challenged action was sound trial strategy under the circumstances at the time. See id. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound [ ] strategy." (internal quotation marks and citation omitted)). Second, Petitioner must show that counsel's performance prejudiced his defense; "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 (noting "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.")

B.  Ex Post Facto Claim

Petitioner cites Peugh v. Unites States, --- U.S. ----, 133 S. Ct. 2072, 2084, 186 L. Ed. 2d 84 (2013), in which the Supreme Court held that the Ex Post Facto Clause of the United

7

States Constitution is violated when a defendant is sentenced under current Sentencing Guidelines that provide a higher sentencing range than Guidelines in effect at the time of offense. Petitioner argues that his trial and appellate counsel were ineffective because they failed to raise an Ex Post Facto claim as to Petitioner's sentence. (See Pet'r's Am. Br., Docket Entries 13 and 13-1, at 21-24.)

However, as Respondent argues, even if Petitioner's trial and appellate counsel made the Peugh-related arguments, it would have amounted to a four point reduction in Petitioner's total offense points for a total of forty-four points. (See Resp't's Br. at 35.) Forty-four points is still within the life imprisonment range. As the Court sentenced Petitioner to 180 months, or fifteen years, imprisonment, Petitioner cannot establish how any alleged deficiencies were prejudicial to Petitioner. See Strickland, 466 U.S. at 670; see also Gabayzadeh, 428 F. App'x at 51 ("Even if the four-level enhancement were error, the offense level would have been reduced from 48 to 44, resulting in the same Guidelines range of life imprisonment. Based on our review of the district court's detailed and thoughtful discussion of reasons for imposing a below-Guidelines sentence of 180 months' imprisonment, we discern no adverse effect on Gabayzadeh's substantial rights from the purported Guidelines error."); see

8

also id. ("A court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.").

Accordingly, Petitioner's Ex Post Facto claim is DENIED.

C. Plea Negotiations

Petitioner claims his trial attorney failed to inform Petitioner about the government's "pre-indictment request for a meeting, negotiations, and cooperation." (Pet'r's Am. Br. at 24.) Petitioner argues he would have pleaded guilty, but counsel did not advise him about doing so. (Pet'r's Am. Br. at 26-27.)

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" Lafler v. Cooper, --- U.S. ----, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012) (quoting McMann v. Richardson, 397 U.S. at 771; citing Missouri v. Frye, --- U.S. ----, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 1486, 176 L. Ed. 2d 284 (2010); Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). The Supreme Court has held "that, as a general rule, defense counsel has the duty to communicate formal offers

9

from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 132 S. Ct. at 1408.

As Respondent argues, "no plea offer was ever made by the government to [P]etitioner[.]" (Resp't's Br. at 41.) Ineffective assistance regarding a formal plea offer is, thus, not relevant to Petitioner's case. See Frye, 132 S. Ct. at 1408. Respondent points to Petitioner's post-sentence civil action, in the Southern District of New York, against one of his criminal attorneys. Magistrate Judge James Francis recommended that the district court dismiss Petitioner's lawsuit. Gabayzadeh v. Brafman, 09-CV-4095, 2010 WL 6620688 (S.D.N.Y. June 18, 2010), adopted by 2011 WL 1842762 (E.D.N.Y. May 11, 2011), aff'd, 502 F. App'x 83 (2d. Cir. 2012). As Respondent notes, Judge Francis found that Petitioner's attorney "urged [Petitioner] to consider a plea agreement in lieu of proceeding to trial." Id. at *1 (citing Brafman Letter, July 10, 2006, Docket Entry 19-2, at 25-31 ("Brafman Letter")). The Brafman Letter makes explicit the lengths to which Brafman & Associates, P.C. went to convince Petitioner to take a plea agreement. (See Brafman Letter at 27.) Petitioner fails to present any evidence to sustain this claim; the claim, therefore, is DENIED.

D. <u>Withholding Evidence and Work Product</u>

Petitioner argues that Benjamin Brafman ("Brafman"), Petitioner's defense counsel prior to trial, withheld work product because Brafman and Petitioner were disputing fees and liability waivers. (Pet'r's Am. Br. at 33-38.) Petitioner specifically states that "[t]he withholding of evidence prevented trial counsel from presenting exculpatory testimony and from developing a defense." (Pet'r's Am. Br. at 36.)

However, Petitioner cannot establish prejudice as to the work product-in-question. Brafman's interview notes were hearsay and, thus, inadmissible at trial. <u>See</u> Fed. R. Evid. 802. Moreover, the opinions outlined in the interviews notes constituted opinions as to Petitioner's state of mind; these opinions are inadmissible as well. <u>See</u> Fed. R. Evid. 704(b). As Petitioner cannot establish prejudice, Petitioner's claim is DENIED. <u>See</u> <u>Strickland</u>, 466 U.S. at 697.

E. <u>Conflict of Interest</u>

Petitioner next argues that Brafman was ineffective for agreeing to jointly defend Petitioner's co-defendant, Amzad Ali. (<u>See</u> Pet'r's Am. Br. at 38-46.) Petitioner argues Ali should not have participated in attorney-client meetings with Petitioner and/or, "at the least, counsel should have obtained Ali's written promise to maintain confidentiality." (Pet'r's Am. Br. 38.)

11

As Respondent argues, counsel could not legally obtain any confidentiality agreement from Ali: this would arguably be considered, amongst other crimes, obstruction of justice. (Resp't's Br. at 44.) Respondent notes, further, that Petitioner was using the threat of Petitioner's civil action against trial counsel as a threat to force trial counsel to sign a false affidavit. (Resp't's Br. at 45.) As Magistrate Judge Francis wrote,

> [Brafman] submitted an affidavit from Mr. Perini, [Petitioner's] trial counsel and former appellate attorney, in which he reports that [Petitioner] requested that he ask Mr. Brafman to provide an affidavit to be used to support his attempt to set aside his conviction and told Mr. Perini that he would withdraw this lawsuit against Mr. Brafman if his request were accommodated. Specifically, [Petitioner] asked for "an affidavit stating that a co-defendant's attorney violated a joint defense agreement by improperly using protected information." Mr. Brafman informed Mr. Perini that he "could not agree to provide the affidavit because he did not believe that it was true." After Mr. Brafman's refusal, Mr. Perini was again contacted by [Petitioner]'s son, who reiterated the offer to drop this action if Mr. Brafman submitted an affidavit. Again, Mr. Brafman refused. [Petitioner]'s attempt to use this lawsuit as leverage over Mr. Brafman in order to obtain false information to aid his criminal appeal clearly demonstrates bad faith.

Gabayzadeh, 2010 WL 6620688, at *9.

Petitioner fails to present any evidence to support these related claims. The Court will not review them any further. Petitioner's claims are DENIED.

F. Failure to Disprove Intended Losses and Object to the Court's Findings; Appellate Counsel's Failure to Move to Admit Bond Prospectus

Petitioner argues his trial counsel failed to object to the Court's $100 million finding as to the bond offering. (See Pet'r's Am. Br. at 46-56.) Petitioner argues he wanted to appeal this finding, but trial counsel failed to object at sentencing. (See Pet'r's Am. Br. at 46.) Petitioner argues this Court's 26-point sentencing enhancement was incorrect and, if counsel had objected, Petitioner's sentence would have been "significantly lower". (Pet'r's Am. Br. at 47.) Petitioner argues his appellate counsel was ineffective because he did not move to admit the bond prospectus into the record on appeal. (See Pet'r's Am. Br. at 51-57.)

Assuming, arguendo, trial counsel had objected to the Court's calculation, Petitioner once again cannot establish prejudice. As the Second Circuit wrote in its affirmation, "[w]e need not address other purported errors in the district court's loss calculation because, even if resolved in [Petitioner]'s favor, the loss amount for the securities and bank fraud schemes alone would still exceed $100 million and, thus, the 26-level

13

enhancement was correct." Gabayzadeh, 428 F. App'x at 51 (citations omitted). Moreover, as Respondent argues, "[h]ad the prospectus been offered at any stage, it would not have change[d] the simple fact that regardless [of] how the proceeds of a new bond issuance were disbursed, all of the proceeds would have been obtained through fraud." (Resp't's Br. at 50.) Petitioner's claims are DENIED.

IV. Rule 35(b) Motion

Finally, Petitioner seeks to compel Respondent to file a motion pursuant Rule 35(b) of the Federal Rules of Criminal Procedure for a reduction of his sentence based on his alleged post-conviction assistance. (See Pet'r's Am. Br. at 59-65.) However, Petitioner has not shown that he provided substantial assistance sufficient under Rule 35(b), and the Court cannot review this issue "absent a substantial showing that the Government's conduct was the product of an unconstitutional motive." Vargas-Cuenca v. United States, No. 13-CV-0943, 2014 WL 716543, at *2 (S.D.N.Y. Feb. 21, 2014) (citing United States v. Wade, 504 U.S. 181, 185-86, 112 S. Ct. 1840, 1843-44, 118 L. Ed. 2d 524 (1992)). Here, Petitioner has not shown any unconstitutional motive on the part of Respondent. Accordingly, Petitioner's claim pursuant to Rule 35(b) is DENIED.

CONCLUSION

For the reasons set forth above, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Because there can be no debate among reasonable jurists that Petitioner was entitled to habeas relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  8 , 2014
       Central Islip, NY